**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eyvonne Rekow,  )<br>            )<br>    Plaintiff,  )<br>            )<br>v.          )<br>            )<br>Kathleen Sebelius, Secretary of the U.S. )<br>Department of Health and Human   )<br>Services,        )<br>            )<br>    Defendant.  ) | CIV 10-8156-PCT-PGR<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint. (Doc. 26.) Defendant contends that she is entitled to relief under Federal Rule of Civil Procedure 12(b)(6) because Claim 10 is time barred and the allegations in Claim 12 are conclusory and fail to state a claim for discrimination. Plaintiff filed a response in opposition (Doc. 29) and Defendant filed a reply (Doc. 31).

**Background**

On August 23, 2010, Plaintiff Eyvonne Rekow filed her original Complaint alleging discrimination under Title VII of the Civil Rights Act of 1964. (Doc. 1.) Because the Complaint did not include facts concerning the dates of the events alleged therein the Court ordered Plaintiff to file an amended complaint. (*See* Doc. 22.) Plaintiff filed her First Amended Complaint ("Complaint") on January 31, 2011. (Doc. 24.) Defendant filed her Answer and other defenses on February 14, 2011. (Doc. 25.)

Plaintiff was employed by Defendant at the Tsaile Health Center, in Tsaile, Arizona.

She alleges that while employed at the Center she was discriminated against on the basis of her race. According to Plaintiff, the discrimination occurred because she is of Lakota Sioux descent while the Center was staffed primarily by Native Americans of Navajo descent. Plaintiff alleges that based on her race she was subjected to a disciplinary action, falsely accused of misuse of a Government vehicle, falsely accused of being AWOL, berated, discriminated against in her housing, and replaced as an Incident Commander. She also alleges that she was retaliated against for complying with policy and reporting requirements.

**Standard for Motion to Dismiss**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A]ll well-pleaded allegations of material fact are taken as true and construed in a

light most favorable to the nonmoving party." *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

### Analysis

### Claim 10

Plaintiff alleges that she suffered discrimination and harassment with respect to her leave requests. (Doc. 24, ¶ 10.) Specifically, she alleges that it "was an ongoing and continuing practice to permit Navajo employees to submit and have leave approved regardless of how their absences have been reported to justify the leave," but that she "was not treated in the same manner." (*Id.*, ¶ 10a.) She states that she "observed this practice beginning January 2009 and continuing up to and including the date that she filed her EEOC charge." (*Id.*, ¶ 10b.) Finally, Plaintiff alleges that she was "listed as AWOL for absences on February 17 and 18, 2009 because of her color, national origin and race." (*Id.*, ¶ 10e.)

Under 29 C.F.R. § 1614.105(a)(1), an employee is required to meet with an Equal Employment Opportunity Counselor within 45 days of any alleged discriminatory incident. "[F]ailure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

Defendant contends that the date Plaintiff made her EEOC complaint was "at the earliest, May 14, 2009," more than 90 days after the February 17 and 18 incidents. (Doc. 26 at 5.) In support of this timeline Defendant has attached a letter and two e-mail strings (*Id.*, Ex's 1–3.) The letter, written by Plaintiff's attorney and dated June 30, 2009, "is intended to be a formal complaint of discrimination . . ." (*Id.*, Ex. 1.) The e-mails indicate that on May 14, 2009, Plaintiff "requested an EEO complaint be filed" and that an EEO counselor was assigned on the same date. (*Id.*, Ex. 3.) It is clear from this record that with respect to the

- 3 -

specific allegations in Claim 10, Petitioner did not comply with requirements of § 1614.105(a)(1).

In her response, Plaintiff counters that the incidents referred to in her Complaint are not separate claims but "facts in support of the claim that Ms. Reckow [sic] was subject to a hostile work environment based upon her race and national origin." (Doc. 29 at 2.) Citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), Plaintiff contends that, "As long as a single 'act contributing to the claim occurs within the filing period, then the entire period of the hostile environment may be considered for the purposes of determining liability.'" (Doc. 29 at 4.) Thus, according to Plaintiff, because some of the incidents alleged in her complaint occurred within 45 days of her contact with the EEOC, she complied with § 1614.105(a)(1) and her complaint is not time-barred. The Court disagrees.

In *Morgan* the Court distinguished two types of actions that may be brought under Title VII: "discrete discriminatory acts" and claims alleging a "hostile work environment." 536 U.S. at 110; *see Porter v. California Dept. of Corrections*, 419 F.3d 885, 893 (9th Cir. 2005). *Morgan* sets forth a list of discrete acts, which includes "acts such as termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114; *see Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 993–94 (6th Cir. 2009). In contrast to claims based on such discrete incidents, hostile-work-environment claims "involve[ ] repeated conduct" and require the plaintiff to demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Morgan*, 536 U.S. at 115-16 (internal quotation marks omitted). To determine if conduct is a part of the same unlawful employment practice under the hostile-work-environment doctrine, the court considers whether the conduct was "'sufficiently severe or pervasive,' and whether the earlier and later events amounted to the 'same type of employment actions, occurred relatively frequently, or were perpetrated by the same managers.'" *Porter*, 419 F.3d at 893 (quoting *Morgan*, 536 U.S. at 116, 120).

"Because the Supreme Court has explicitly differentiated between discrete employment acts and a hostile work environment, many courts have concluded that a discrete act cannot be part of a hostile work environment claim and instead constitutes a separate unlawful employment practice." *Crayton v. Alabama Dept. of Agriculture & Industries*, 589 F.Supp.2d 1266, 1279–80 (M.D. Ala. 2008) (citing *Porter*, 419 F.3d at 893); *see Patterson v. Johnson*, 391 F.Supp.2d 140, 146 & n.5 (D.D.C. 2005)); *Lester v. Natsios*, 290 F.Supp.2d 11, 32–33 (D.D.C. 2003) ("Moreover, it is not at all clear that mere reference to alleged disparate acts of discrimination against plaintiff can ever be transformed, without more, into a hostile work environment claim. The courts have been reluctant to do so."). For example, in *Rivera v. Puerto Rico Aqueduct and Sewers Authority*, 331 F.3d 183, 188 (1st Cir. 2003), the court, citing *Morgan*, 536 U.S. at 114, rejected the plaintiff's argument that two employment transfers were part of a continuing violation for purposes of a Title VII violation under a hostile work environment theory, finding instead that each transfer constituted "a separate and actionable unlawful employment practice." *See Hunter*, 565 F.3d at 994 ("The failure to promote an employee or select him for a training program is a discrete act that cannot alone amount to a hostile work environment.").

In Claim 10 of the Complaint, Plaintiff alleges that she was discriminated against by being listed as "AWOL" on February 17 and 18, 2009. (Doc. 24 at 4.) Despite her current characterization of the Complaint as alleging a hostile work environment, it is clear that Plaintiff has raised these allegations as discrete instances of discrimination, actionable in themselves. Therefore, the claim is subject to the reporting requirements of 29 C.F.R. § 1614.105(a)(1). *See Smith v. Jackson,* 539 F.Supp.2d 116, 138 (D.D.C. 2008) ("insofar as Plaintiff attempts to base his hostile work environment claim on his [compressed work schedule] revocation and AWOL charge, he cannot simply regurgitate his disparate treatment claims in an effort to flesh out a hostile work environment claim"); *Gentile v. Potter*, 509 F.Supp.2d 221, 235 (E.D.N.Y. 2007) ("Alleging that these acts are part of a larger scheme

or practice of discrimination or retaliation does not save them from the limitations period.").

Because Plaintiff did not meet the requirements of 29 C.F.R. § 1614.105(a)(1), Claim 10 is time barred and will be dismissed.

**Claim 12**

Plaintiff alleges that she "was singled out for discrimination in her housing." (Doc. 24, ¶ 12.) According to Plaintiff, "No other person seeking housing was required to complete the steps that were asked of and required of Plaintiff regarding damage to the residence" and that, "Although a 3-bedroom unit became available on or around the spring of 2009, Plaintiff was not offered the opportunity to transfer to it even though Plaintiff's [sic] regularly reported that her living conditions were intolerable." (*Id.*, ¶¶ 12a, 12b.)

In moving to dismiss this claim, Defendant notes that Plaintiff does not state what "steps" were required of her with respect to damage to the residence or how those steps were indicative of discrimination. Nor does she provide any details suggesting that the lack of an "opportunity to transfer" housing was a result of discrimination.

In response to Defendant's motion, Plaintiff again argues that the Complaint sets out a single claim alleging a hostile work environment, which encompasses the allegations contained in the claims Defendant has not moved to dismiss. Therefore, according to Plaintiff, "it is not the individual act which gives rise to the claim, but rather, the repetitive nature of the actions, and the fact that Ms. Reckow [sic], the only non-Navajo employed therein, was the only person subjected to these actions." (Doc. 29 at 6.)

Defendant counters that Plaintiff has failed to properly allege a hostile-work-environment claim. The Court agrees. The only citation to a "hostile work environment" in the Complaint refers to the contents of a letter Plaintiff wrote to her supervisor, Ms. Tsosie, on June 1, 2009. (*See* Doc. 24, ¶ 11a.) Otherwise, Plaintiff alleges that she was subjected to specific discriminatory "practices" (*id.*, ¶ 8), which are then enumerated in the rest of the Complaint.

As described above, these alleged discrete acts cannot be transformed into a hostile-

- 6 -

1 work-environment claim. *See Porter*, 419 F.3d at 893. The complaint does not demonstrate
2 that the incidents involved the same type of employment actions, occurred with relative
3 frequency, or were perpetrated by the same managers. *Id.* (citing *Morgan*, 536 U.S. at 116,
4 120). In fact, the acts alleges in the Complaint differ in character and allegedly involved
5 several different individuals, including Ms. Tsosie and a number of Plaintiff's colleagues.

6 Because the Complaint does not state a hostile-work-environment claim, the Court
7 must review the allegations in Claim 12 and determine if they are sufficient to state a claim
8 upon which relief can be granted. The Court concludes that they are not.

9 Although Plaintiff is not required to make a prima facie case in her Complaint, she
10 must provide the Court with some basis to infer that the handling of her housing issues was
11 based on her race. It is not sufficient for Plaintiff to state that she is a Sioux rather than a
12 Navaho and thus Defendant's actions were discriminatory. "[A] complaint consisting of
13 nothing more than naked assertions, and setting forth no facts upon which a court could find
14 a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. N.Y.*
15 *State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) (per curiam); *compare*
16 *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (complaint did
17 not state a discrimination claim where it "failed to establish a plausible basis for believing
18 [other employees] were actually similarly situated or that race was the true basis for
19 Coleman's termination"), *and Dean v. Westchester Cnty. Dist. Attorney's Office*, 119
20 F.Supp.2d 424, 430 (S.D.N.Y. 2000) ("the mere fact that [plaintiff] believed white, male
21 employees similarly situated were not disciplined for similar professional failures is not a
22 sufficient basis to infer discrimination") *with Dolgaleva v. Virginia Beach City Public*
23 *Schools*, 364 Fed.Appx. 820 (4th Cir. 2010) (allowing a discrimination complaint to survive
24 a motion to dismiss where plaintiff was told that her ancestry was being held against her),
25 *and Ali v. District of Columbia Gov't*, 697 F.Supp.2d 88, 91–92 (D.D.C. 2010) (plaintiff's
26 discrimination claim survived a 12(b)(6) because he alleged his supervisor told him he would
27 have to chose between his job and his religion).
28

Plaintiff offers only conclusory statements that the decisions about her housing were based on her status as a non-Navajo rather than the result of any nondiscriminatory considerations. Standing alone, her stated beliefs about the reason she was not offered the housing unit are not a sufficient basis to infer discrimination. Instead, they are the kind of "naked assertions," "devoid of factual development" that the Supreme Court found insufficient in *Twombly* and *Iqbal*.

In sum, Claim 12 fails to set forth particular facts underlying Plaintiff's race-based discrimination claim, and thus the claim is properly dismissed under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Claims 10 and 12 (Doc. 26) is **GRANTED**.

DATED this 11th day of May, 2011.

Paul G. Rosenblatt
United States District Judge